# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

EARL J. GREENLEE,

    Plaintiff,

vs.                                        CASE NO. 1:08CV23-MP/AK

MICHAEL J. ASTRUE,
**Commissioner of Social Security**

    Defendant.

_____/

## REPORT AND RECOMMENDATION

This action is brought pursuant to 42 U.S.C. § 405(g) of the Social Security Act (Act) for review of a final determination of the Commissioner of Social Security (Commissioner) denying Plaintiff's application for disability insurance benefits (DIB) under Title II of the Act.

Upon review of the record, the Court concludes that the findings of fact and determinations of the Commissioner are supported by substantial evidence; thus, the decision of the Commissioner should be affirmed.

## A. PROCEDURAL HISTORY

Plaintiff filed an application for DIB on December 22, 2004, alleging a disability onset date of March 2, 2004, because of post-surgery neck pain, lower back pain, and chest pain. Plaintiff petitioned for a hearing before an administrative law judge (ALJ), who conducted a hearing on December 21, 2006, and entered an unfavorable decision

on February 22, 2007.  The Appeals Council denied Plaintiff's request for review, thus making the decision of the ALJ the final decision of the Commissioner.  This action followed.

B.     **FINDINGS OF THE ALJ**

The ALJ found that Plaintiff had severe impairments: status-post cervical fusion, degenerative disc disease of the lumbar spine, and atypical chest pain, but that none of these impairments met the listings.  The ALJ noted that none of Plaintiff's treating physician's found him to be disabled or to be unable to engage in light or sedentary work, and he has sought no mental health treatment for anxiety.  Consequently, the ALJ found him capable of performing light work with the exception of no overhead lifting and only occasional bending, stooping, kneeling, crawling, and crouching.  Using the Medical-Vocational Guidelines, there are jobs in the national economy which Plaintiff could perform and he is therefore not disabled.

C.     **ISSUES PRESENTED**

Plaintiff argues that the ALJ erred in not finding Plaintiff's anxiety severe under Step 2; and the ALJ erred in not using a vocational expert in light of his non-exertional mental health impairment.

The government responds that the medical record supported the ALJ's finding that Plaintiff's anxiety posed no restrictions on his daily activities and social functioning, concentration, persistence and pace.  As such, the anxiety should not have been

**No. 1:08CV23-MP/AK**

considered severe.  The mere diagnosis of anxiety does not make it severe, nor does the prescribing of medication.

The issue thus presented is whether the Commissioner's decision that Claimant is not disabled is supported by substantial evidence in the record and decided by proper legal standards.

**D.    STANDARD OF REVIEW**

Title 42 U.S.C. § 405(g) sets forth the standard of review for this court.  The Commissioner's decision must be affirmed if it is supported by substantial evidence and the correct legal standards have been applied.  Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997).  Findings of fact by the Commissioner which are supported by substantial evidence are conclusive. 42 U.S.C. § 405(g). Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996).  "Substantial evidence" has been defined to mean "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citation omitted) (per curiam).  It is more than a scintilla, but less than a preponderance.  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted).  The court may not reweigh the evidence or substitute its judgment for that of the Commissioner.  Wolfe v. Chater, 86 F.3d 1072, 1076 (11th Cir. 1996).  It must determine only if substantial evidence supports the findings of the Commissioner.  See Bridges v. Bowen, 815 F.2d 622, 624 (11th Cir. 1987) (per curiam).  Even if substantial evidence exists which is contrary to the Commissioner's findings, where there is substantially supportive evidence of the

**No. 1:08CV23-MP/AK**

Commissioner's findings, the court cannot overturn them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Unlike the deferential review accorded to the Commissioner's findings of fact, his conclusions of law are not presumed valid. Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (citations omitted). The Commissioner's failure to apply correct legal standards or to provide the reviewing court with an adequate basis for it to determine whether proper legal principles have been observed requires reversal. Id. (citations omitted).

A disability is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). To qualify as a disability the physical or mental impairment must be so severe that claimant is not only unable to do his previous work, "but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A).

Pursuant to 20 C.F.R. § 404.1520(a)-(f), the Commissioner analyzes a claim in five steps:

1. Is the individual currently engaged in substantial gainful activity?
2. Does the individual have any severe impairment?
3. Does the individual have any severe impairments that meet or equal those listed in Appendix 1 of 20 C.F.R. Part 404?

**No. 1:08CV23-MP/AK**

4. Does the individual have any impairments which prevent past relevant work?

5. Do the individual's impairments prevent any other work?

A finding of disability or no disability at any step renders further evaluation unnecessary. Plaintiff bears the burden of establishing a severe impairment that keeps him from performing his past work. If Plaintiff establishes that his impairment keeps him from his past work, the burden shifts to the Commissioner at step five to show the existence of other jobs in the national economy which, given Plaintiff's impairments, Plaintiff can perform. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986); MacGregor v. Bowen, 786 F.2d 1050, 1052 (11th Cir. 1986). If the Commissioner carries this burden, Plaintiff must prove that he cannot perform the work suggested by the Commissioner. Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987). It is within the district court's discretion to affirm, modify, or reverse a Commissioner's final decision with or without remand. 42 U.S.C. § 405(g); Myers v. Sullivan, 916 F.2d 659, 676 (11th Cir. 1990).

E. **SUMMARY OF CLAIMANT'S RELEVANT MEDICAL HISTORY**

Plaintiff was injured in January 2004, when he jumped from a burning tractor. An MRI revealed disc degeneration, spondylosis, and cord compression at C5-6, and he eventually had surgery (a discectomy at C4-5 and C-5-6) on June 15, 2004. A repeat MRI on October 15, 2004, showed "improvement in the caliber of the spinal canal" and "stable changes of minor spondylosis at C-3-4 and C6-7." A nerve study conducted on

**No. 1:08CV23-MP/AK**

September 24, 2004, had shown evidence of mild chronic irritation at C-7, and Plaintiff was reporting some neck pain and numbness in his left hand.

However by April 28, 2005, despite his reports of continuing, severe neck pain, his treating physician found him to have reached maximum medical improvement and to be ready for light work. Dr. Lipnick also treated Plaintiff for his self-reported anxiety by prescribing Elavil.

F.   **SUMMARY OF THE ADMINISTRATIVE HEARING (held 12/21/2006)**

Plaintiff was 50 years old at the time of the hearing and had a high school education. (R. 207). His continuing problems were burning and tingling in his feet, weakness in his legs, resulting from nerve damage. (R. 207). He had surgery on his neck, but surgery on his lower back is next, and he was walking with a cane for pain in his right knee. (R. 208-209). He has not been hospitalized in the last year for any of his problems, and would desribe his biggest problem as his legs. (R. 209). He describes his day as either sitting or laying down, he does no household chores, but can drive and grocery shop. (R. 210-211). After two minutes of standing his feet start burning, and he can walk only five to 10 minutes. (R. 212). He can sit for about an hour. (R. 212). The medication he takes for his "nerves" makes him sleepy. (R. 214).

G.   **DISCUSSION**

   a)   Severity finding

Plaintiff contends that his medical records show his consistent complaints about anxiety for which he was prescribed Elavil. He argues that this impairment clearly falls

**No. 1:08CV23-MP/AK**

within the standard of severity in that it is more than a slight abnormality having more than a minimal effect on his ability to work.

The medical record shows no mental health treatment.  He mentioned anxiety to his treating physician when he was being examined regarding his neck and she prescribed Elavil.  An absence of treatment indicates that a mental impairment is not severe.  Williams v. Sullivan, 960 F.2d 86, 89 (8th Cir. 1992).  Further, when asked at the hearing about his problems he did not mention anxiety or any resulting limitations due to a mental condition until asked by his representative about medication taken for his nerves.  He told the ALJ his biggest problem was his legs.   Also, he indicated the problems with his concentration levels and memory was because of pain, not anxiety.

Consequently, the record supports the ALJ's finding that Plaintiff's mental health, i.e. anxiety is not severe within the meaning of the regulations in that it does not significantly affect his ability to work.

b)    Grids v. vocational expert

Plaintiff argues that use of the Guidelines is inappropriate when a non-exertional impairment such as Plaintiff's anxiety limits his ability to perform a full range of work.

At step five the Commissioner may in certain cases rely upon the grids to carry his burden of proving that there are jobs which claimant can do despite his inability to perform his past relevant work.  The Eleventh Circuit has "recognized that the grids may be used in lieu of vocational testimony on specific jobs if none of claimant's nonexertional impairments are so severe as to prevent a full range of employment at the

**No. 1:08CV23-MP/AK**

designated level." Wolfe v. Chater, 86 F.3d at 1078, quoting Passopulos v. Sullivan, 976 F.2d 642, 648 (11th Cir. 1992). See also Foote v. Chater, 67 F.3d 1553, 1558 (11th Cir. 1995). "It is only when the claimant can clearly do unlimited types of [] work . . . that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy." Allen v. Sullivan, 880 F.2d 1200, 1202 (11th Cir. 1989) (citation omitted). Exclusive reliance upon the grids is not appropriate when claimant has a nonexertional impairment that significantly limits his basic work activities. Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990).

None of Plaintiff's treating sources limited his functional abilities, in fact they all recommended him for light work activities, even Dr. Lipnick who treated him for his anxiety. With no medical evidence to support a finding of severe non-exertional impairments, the ALJ could properly use the Medical-Vocational Guidelines to determine that he was not disabled and could perform a number of jobs in the national economy at a light exertional level.

Accordingly, it is respectfully **RECOMMENDED**:

That the decision of the Commissioner denying benefits be **AFFIRMED**.

At Gainesville, Florida, this 6th day of August, 2009.

s/ A Kornblum
**ALLAN KORNBLUM
UNITED STATES MAGISTRATE JUDGE**

**No. 1:08CV23-MP/AK**

## **NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 1:08CV23-MP/AK**